DAVIES, TURNER & CO. *v.* UNITED STATES

No. 7454.—Invoices dated Ipswich, England, September 19, 1941, etc.
Certified October 21, 1941, etc.
Entered at New York, N. Y., November 21, 1941, etc.
Entry No. 725926, etc.

(Decided November 24, 1947)

*Strauss & Hedges (Hadley S. King* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

MOLLISON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

PENSON & CO. *v.* UNITED STATES

No. 7455.—Invoice dated Nottingham, England, January 16, 1946.
Certified January 17, 1946.
Entered at New York, N. Y., February 11, 1946.
Entry No. 738092.

(Decided November 25, 1947)

*Siegel, Mandell & Davidson* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

TILSON, Judge: In submitting the appeal listed above counsel for the respective parties have agreed that the issues are the same in all material respects as were the issues involved in *United States* v. *Pitcairn*, C. A. D. 334, and the record in that case has been admitted in evidence in this case.

Upon the record as thus made, and following the cited authority, I find and hold the proper dutiable export values of the merchandise covered by this appeal to be the values found by the appraiser, less any amounts added on entry to meet advances made by the appraiser in similar cases then pending on appeal. Judgment will be rendered accordingly.